## Hodge v. Commonwealth.

Feb. 17, 1942.

Wesley & Son and John S. Cooper for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellant has appealed from a judgment of the Pulaski circuit court sentencing him to the penitentiary for a term of fifty years under an indictment charging him with the crime of rape of a female under 12 years of age. In brief of appellant a number of alleged errors are insisted on for reversal of the judgment, one of which is that the court erred in admitting to the jury incompetent testimony prejudicial to appellant's rights.

The appellant is charged with having committed the offense charged in the indictment upon the body of his stepdaughter, Ina Jean Bell, who was nine years of age at the time. It appears that on June 11, 1941, the time the offense is alleged to have been committed, the prosecuting witness' mother, wife of appellant, was working in Akron, Ohio, and had left Ina Jean and her seven year old sister, Jewel Bell, and Dicky West, a maternal uncle of the children who was 12 years old, in the home with appellant. According to the evidence of the prosecuting witness and Dicky West, on retiring on that night appellant suggested that the prosecuting witness, Ina Jean, sleep with him because "he might get sick," and she slept with appellant. She testified that he had sexual intercourse with her on that night.

On June 13 the prosecuting witness reported the alleged act of intercourse to Ruby West, her mother's sister. A physical examination of the prosecuting witness was made by Drs. Weddle and Steiner. Dr. Weddle testified that the prosecuting witness gave a history of having been mistreated by appellant and he made an examination of her private parts and found the vaginal vault was extra large for a girl of her age, and also the hymen was ruptured. He was further asked and answered:

"Q. Was there anything else unusual about the child that you observed, Doctor? A. No, sir.

"Q. To refresh your recollection, let me ask

you, Doctor, if her parts were swollen, or there were any evidences of any bruises? A. No—no swelling, no evidences of bruises.

"Q. How did the parts of this child compare with the parts of other girls of her age? A. As I said, the vaginal vault was unusually large for a girl of her age.

"Q. Doctor, would sexual intercourse puncture or rupture the hymen? A. It would, yes."

On cross-examination, however, the doctor stated that the hymen could have been ruptured by means other than sexual intercourse. Dr. Steiner testified that upon the examination made by him he found that the hymen was ruptured and the vaginal vault was larger than it should be for a girl of her age and size, but he found no evidence of any bruises. He also testified that the hymen could have been ruptured by means other than sexual intercourse.

Drs. R. C. Sievers, A. J. Wahle, and E. M. Ewers testified as witnesses for appellant. The substance of their testimony is to the effect that if appellant had had sexual intercourse with the prosecuting witness on June 11, two days later—June 13—at the time she was examined by the two physicians, there would have been bruises, soreness, tenderness on pressure, and perhaps other evidences of trauma on and about her sexual organs or private parts.

Upon cross-examination of Dr. Ewers the attorney for the Commonwealth asked the witness this hypothetical question:

"Doctor, let me ask you this question; assuming that this little nine year old girl claimed that she had had sexual intercourse with Van Dern Hodge on June 11th, and that an examination on June 13th, by physician disclosed swelling, and considerable redness, and a ruptured hymen, would you then say that she had had sexual intercourse on the 11th?"

Objection by counsel for appellant to the above question was overruled with exceptions, and the witness answered:

"I would then say there had been a traumatic injury, but by what means, I could not tell."

The witness was then asked and answered this question:

"Those evidences would exist, would they not, in the case of intercourse? A. They most likely would."

It is a fundamental rule of evidence that a hypothetical question must be based upon, or contain, a state of facts supported by some evidence. Barrett's Administrator v. Brand, 179 Ky. 740, 201 S. W. 331. There is no evidence in the record, either medical or lay, tending to show that there was any swelling or redness found or discovered about the person of the prosecuting witness, and to that extent the question was based upon a false hypothesis. The evidence is voluminous and since the court overruled objections to the question and permitted the witness to answer it, it is not unlikely that the jury might have thought or assumed that someone had discovered swelling and redness about the person of the prosecuting witness. Since the question was based upon a false hypothesis and material to the issue, we are unable to say that it was not prejudicial, and for that reason the judgment must be reversed.

Other incompetent evidence complained of is that on cross-examination of appellant the attorney for the Commonwealth was permitted, over objections, to interrogate appellant concerning having severely whipped Jewel Bell, the younger sister of the prosecuting witness. So far as the record before us discloses, this incident had no connection with the issues involved in the case. Upon another trial of the case no evidence concerning this matter should be permitted.

It is next insisted that the instructions were erroneous. Instruction No. 1 followed substantially the language of Section 1152, Kentucky Statutes, relating to the crime of rape of an infant under 12 years of age by force and against her will. Instruction No. 2, the one complained of as being erroneous, was substantially in the language of Section 1155 of the Statutes. That instruction reads:

"2. Or, if the jury shall believe from the evidence beyond a reasonable doubt that in this county and before the finding of the indictment, the defendant, Van Dern Hodge, feloniously had unlawful carnal knowledge of Ina Jean Bell, with her consent, they should find him guilty of carnally knowing a female under 12 years of age, and fix his punishment at confinement in the penitentiary for not less than 20

years nor more than 50 years, or by death, in the discretion of the jury."

The complaint directed to instruction No. 2 is that there is no evidence tending to show that the alleged unlawful intercourse was with the consent of the prosecuting witness. The prosecuting witness was not asked, nor did she state, whether or not the act of intercourse was with or without her consent. She only stated that appellant had intercourse with her. Since both questions—with or without consent—were submitted to the jury by appropriate instructions, the jury had the right in its discretion to find appellant guilty under either instruction. We find no prejudicial error in the instructions. It is also insisted that the evidence is insufficient to take the case to the jury or in any event palpably against the weight of the evidence and a result of prejudice and passion. Since the case must be reversed for the reason we have already stated, we need not now determine the question of the sufficiency of the evidence.

For the reason stated, the judgment is reversed and remanded with directions to set it aside and grant appellant a new trial, and for proceedings consistent with this opinion.